IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             **Plaintiff,**<br><br>  v.<br><br>**$6,787.00 IN UNITED STATES CURRENCY AND ONE 2000 JAGUAR XJR, VIN SAJDA15B4YMF18071, VAL JEROME EALEY,**<br><br>                             **Defendant.** | 1:06-cv-1209-WSD |

## OPINION AND ORDER

This matter is before the Court on Defendant Val Jerome Ealey's ("Ealey") Motion to Stay [23] and Plaintiff's Response to Claimant's Motion to Stay and Motion for Interlocutory Sale [24], [25].

*Background*

This is a civil forfeiture action. On January 4, 2006, a Georgia State Tropper observed Ealey driving a 2000 Jaguar XJR (the "Jaguar") in the high occupancy vehicle lane of I-78/85 in Atlanta. The trooper stopped the Jaguar, determined that Ealey's driver's license had previously been revoked, and arrested him. During a

search incident to the arrest, the officer discovered money and drugs in the Jaguar. The money, drugs, and Jaguar were seized. The money and Jaguar are the subjects of this forfeiture action. Ealey is a claimant to this property.

Ealey is also the subject of a criminal matter concerning these events in the Fulton County Superior Court. Ealey seeks to stay the forfeiture action because he fears that "continuation of the forfeiture proceeding will burden [his] right . . . against self-incrimination" in the state criminal matter. (Def's Motion to Stay at 1.)

The Government concurs that a stay is appropriate under 18 U.S.C. § 981(g)(2). The Government, however, also seeks an interlocutory sale of the Jaguar to preserve its value and to save the costs currently paid to store it. Ealey opposes the sale and seeks the return of the Jaguar. He alleges that withholding the Jaguar imposes a hardship on him because it hinders his functioning as a used car salesmen. Ealey alleges that, without the Jaguar, he "has to rely on others to drive him to and from auctions where he purchases and seeks cars. Once he purchases a car, he must use that vehicle as a means of transportation and decrease the value of his investment." (Defendant's Response to Plaintiff's Motion for Interlocutory Sale at 2) ("Def.'s Resp."). The Government opposes returning the Jaguar, and proposes instead that the Jaguar be sold and the proceeds held in escrow pending

conclusion of the forfeiture action.

*Discussion*

The parties agree that a stay of the civil forfeiture proceedings is appropriate pursuant to 18 U.S.C. § 981(g) (2), as Ealey is "the subject of a related criminal investigation or case." The Court agrees that a stay is proper. The only dispute is the appropriate disposition of the car during the pendency of the stay.

Section 983(f)(1) provides for the immediate release of seized property in which a claimant has asserted an interest under § 983(a) if five criteria are met:

> (A) the claimant has a possessory interest in the property;
>
> (B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;
>
> (C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;
>
> (D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and;

>> (E) none of the conditions set forth in paragraph (8) applies.

Ealey argues: (1) that he has a possessory interest in the Jaguar; (2) that he has substantial ties to the community, including family, a house, and a business in Atlanta; (3) that the Government's continued possession of the Jaguar prevents him from working as a used car salesman; and (4) this hardship outweighs the risk that the Jaguar will be destroyed, damaged, lost, concealed, or transferred.

Ealey's hardship allegations do not satisfy the statute.  Ealey argues that the lack of the Jaguar forces him to drive cars he purchases for resale, thus "decreasing the value of his investment."  While the absence of the Jaguar may decrease Ealey's profit margin, it does not "prevent[] the functioning of [his] business" or "prevent[] [him] from working," or otherwise constitute a "substantial hardship" as required by 18 U.S.C. § 953(f)(1)(C).  The lack of the Jaguar has not prevented Ealey from working or his business from functioning.  Ealey admits that he has continued to work and operate his business without the Jaguar.  (Def's. Resp. at 1-2.)

There is, on the other hand, a real risk the Jaguar could be destroyed or damaged if returned to Ealey.  Ealey has stated he intends to use the Jaguar in his business, at least to drive to and from car auctions.  Just as Ealey complains that

4

the cars he purchases for resale depreciate in value when he is forced to use them to drive to and from auctions, the Jaguar will also depreciate in value when so used. Further, such use exposes the Jaguar to significant risk of damage, or even destruction, in a traffic-related accident.

The Government argues that the best way to preserve the value of the Jaguar is to sell it and retain the proceeds in escrow. This would reduce the Jaguar's current value to cash, avoid further depreciation, obviate the risk damage, and avoid further storage expenses. Although the Government's suggestion has some practical appeal, the Government has not cited sufficient authority to persuade the Court that such an interlocutory sale is appropriate in this case.[1] Considering that

---

[1] The Government relies on United States v. One Parcel Real Prop. Described as Lot 41, 128 F.3d 1386 (10th Cir. 1997), United States v. 2540 Chadwick Way, 2005 WL 2124539 (N.D. Ill., May 12, 2005), and Aguilar v. United States, 1999 WL 1067841 (D. Conn., November 8, 1999). These cases do not support an interlocutory sale of the Jaguar. Each of these cases concern the interlocutory sale of real property pursuant to Rule E(9)(b) of the Supplemental Rules for Certain Admiralty and Maritime Claims, which are applicable to civil forfeitures under 21 U.S.C. § 881. In each of these cases, the interlocutory sale occurred because the real property was "liable to deterioration, decay, or injury by being detained in custody pending the action." Rule E(9)(b)(I)(A). One Parcel involved an abandoned house liable to deteriorate absent significant maintenance efforts by the government. 2540 Chadwick concerned a situation where interlocutory sale was the only way to preserve the value of the property against foreclosure. Aguilar, which was a prisoner case dismissed on frivolity grounds,

Ealey asserts a particular interest in this particular car, in the absence of more convincing authority, the Court concludes the Jaguar should not be sold.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Val Jerome Ealey's Motion to Stay [23] the forfeiture proceeding is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Interlocutory Sale [24], [25] is **DENIED**.

**SO ORDERED** this 13th day of February, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

mentioned two properties sold because they stood abandoned and because they were at risk of foreclosure. These cases are not relevant to whether the Court should order an interlocutory sale of the Jaguar. The risks that justified interlocutory sales of real property in these cases are absent here. The Jaguar is not likely to deteriorate, or suffer vandalism or repossession, in the Government's care.